UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DAYTON LeBAR,

    Petitioner

v.

MICHAEL W. HARLOW,

    Respondent

: CIVIL NO. 3:CV-08-0072

: (Judge Kosik)

## Memorandum

Petitioner, Dayton LeBar, an inmate currently confined at the State Correctional Facility at Mercer, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his criminal conviction in the Monroe County Court of Common Pleas. On May 13, 2013, a Memorandum and Order was issued denying the petition and closing his case. (Doc. 74.) Presently pending is Petitioner's Objections to and Motion for Reconsideration of the denial of the petition. (Doc. 78.) For the reasons which follow, the objections/motion for reconsideration will be denied.

### I. Background

Petitioner was convicted on March 6, 2001, following a guilty plea, on charges of Sexual Assault, Endangering the Welfare of Children and Statutory Sexual

Assault. In his habeas petition, he raised eight (8) grounds. Each of these grounds is fully set forth in the court's Memorandum dated May 13, 2013. (Doc. 73 at 6-7.) Some of the grounds raised were found to be waived under state law, and, as a result, procedurally defaulted in this forum. Petitioner failed to demonstrate any cause for the procedural defaults. The claims that were not procedurally defaulted were addressed and found to lack merit. Specifically, this court held that the state court's findings were not contrary to, nor did they involve an unreasonable application of, established federal law.

Petitioner now files a document entitled "Objections to and Motion for Reconsideration of the Court's Order dated May 13, 2013" that is forty-three (43) pages in length. In addition, he submits "Exhibits" that number over 150 pages and a "Supplemental Record" numbering over 650 pages. (Docs. 79, 80.)

**II.    Standard**

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to

2

prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT&T Nassau Metals Corp., 902 F.Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F.Supp. 712 (M.D. Pa. 1996)(quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F.Supp.2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995).

Applying this standard, the court concludes that Petitioner has not demonstrated any of the applicable grounds for reconsideration. He does not cite to an intervening change in the controlling law, point to new evidence not available when the court entered judgment, or argue the need to correct a clear error of law or fact or to prevent manifest injustice. Rather, he mostly reargues and reasserts

arguments previously presented to, and considered by, the court, as well as bombards the court with exhibits, many of which are already a part of the record or which are irrelevant to the claims raised in the habeas petition. While Petitioner may disagree with the findings and the outcome of the court's rulings, there exists no basis to reconsider the earlier decision. As such, the motion for reconsideration will be denied. An appropriate order follows.